**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **JOSE-MATUL, Sebastian,** | : | | |
| | : | | |
| Petitioner, | : | | |
| | : | | |
| v. | : | | |
| | : | **CIVIL ACTION** | |
| **J.L. JAMISON,** *et al.*, | : | | |
| | : | **No. 26-2747** | |
| Respondents. | : | | |

**ORDER**

**AND NOW,** this 12th day of May, 2026, upon consideration of Sebastian Jose-Matul's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Sebastian Jose-Matul is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Sebastian Jose-Matul from custody.

3. Respondents shall not subject Petitioner to any additional or new conditions of release.

4. Immediately upon his release, Respondents shall return all personal belongings confiscated upon or during Petitioner's detention, including his identification documents.

5. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on May 13, 2026.

6. Respondents are temporarily enjoined from re-detaining Sebastian Jose-Matul for seven days following his release from custody.

7.   If Respondents pursue re-detention of Sebastian Jose-Matul, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Sebastian Jose-Matul is a native and citizen of Guatemala. He has been in the United States since before 2020, when he crossed the border without inspection. *See* ECF No. 4 at 4. On April 23, 2026, Mr. Jose-Matul was driving with his family when police officers pulled his car over. ECF No. 1 at 1. After they checked his identification, U.S. Immigration and Customs Enforcement ("ICE") officers arrived on the scene and took Mr. Jose-Matul into immigration custody. *Id.* Petitioner filed this Petition for Writ of Habeas Corpus on April 26, 2026, seeking Petitioner's immediate release from custody. ECF No. 1. Respondents timely responded, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 4. Respondents further contend that Petitioner's immigration bond was revoked as a result of his arrest by Delaware State Police for possession of a controlled substance and paraphernalia around November 25, 2020. ECF No. 4 at 4. According to Respondents, that charge remains pending. ECF No. 4-1 at 4. Respondents do not assert that Petitioner is subject to mandatory detention under the Laken Riley Act. ECF No. 4 at 5.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts. *See* ECF No. 4 at 4. Indeed, of the over 400 petitions brought in this District, this Court is unaware of a single one agreeing with the government. The Second and Eleventh Circuits have also rejected Respondents' position. *See Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. May 6, 2026) (Dkt. No. 74-1). This Court follows suit and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.);

*Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief.

In light of Petitioner's arrest history, the government asks the Court to order a further bond hearing, rather than ordering Petitioner's immediate release. The government bases this request upon the cancellation of Petitioner's immigration bond as a result of his November 25, 2020 arrest for possession of a controlled substance and paraphernalia. The government asserted that the charges for that arrest remain pending. The Court ordered additional documentation of Petitioner's arrest to understand why those charges would have remained pending for over five years. ECF No. 5. The government submitted materials from the Delaware Criminal Justice Information System, which show two failures to appear for court dates related to previous charges—though, it appears the government was incorrect that the charges stemming from the 2020 arrest remain pending. ECF No. 8-1 at 5, 7. The Court thereafter ordered Petitioner to file a response to address the appropriate remedy for Petitioner's unlawful detention, which Petitioner timely submitted. ECF No. 10.

It is undisputed that Respondents re-detained Petitioner based solely on their erroneous interpretation of § 1225(b)(2)(A). The Court is persuaded by Petitioner's argument that Respondents' invocation of Petitioner's arrest history is merely a *post hoc* justification for their illegal actions. *See* ECF No. 10 at 6. This Court will not credit such a *post hoc* justification as warranting any different remedy than what it finds appropriate for unlawful detention: immediate release. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 22, 24 (2020) ("The basic rule here is clear: An agency must defend its actions based on the reasons it gave when it acted," not on "impermissible post hoc rationalizations."). Moreover, the ordinary criminal processes provide the appropriate means of protecting the public while also protecting the rights of defendants who have yet to be found guilty for charges prosecuted in state court. An additional penalty of civil detention without a bond hearing does not.

If Respondents believed that Petitioner's 2020 arrest made him a risk to the community, they should have made such an individualized determination. However, Respondents do not purport to detain Petitioner based on any individualized assessment as to his dangerousness or flight risk, and their refusal to offer him a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment. *See Picon*, 2025 WL 3634212, at *5. Petitioner's arrest history does not change that his continued detention is illegal. The Court, therefore, finds the only appropriate remedy is immediate release.